Jose Rodrigo **LOPEZ,** Petitioner,

v.

**Michael B. MUKASEY,** Attorney General, Respondent.

No. 08–70024.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 16, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Theodore A. Mahr, Esq., Moses Lake, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

---

## MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

Jose Rodrigo Lopez petitions for review of the Board of Immigration Appeals' ("BIA") order finding him removable and ineligible for relief under Section 212(c) on account of his conviction for first degree child molestation under Section 9A.44.083 of the Revised Code of Washington. The Immigration Judge and BIA found that the conviction was for sexual abuse of a minor and was thus an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).

Respondent's unopposed motion to dismiss is construed as a motion for summary disposition, and, so construed, the motion is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Petitioner's sole contention is that because he spent 6 months in confinement, his actual sentence was only 6 months and that his conviction is thus not an aggravated felony; petitioner does not dispute that he received a 68 month sentence. Under the statute, the term of imprisonment refers to the sentence imposed by the sentencing court regardless of a partial or total suspension of that sentence. *See* 8 U.S.C. § 1101(a)(48)(B). Moreover, the statute does not require that the term of imprisonment be at least one year when the aggravated felony is sexual abuse of a minor. *See* 8 U.S.C. § 1101(a)(43)(A).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.